## STATE OF CONNECTICUT *v.* PAUL B. WOHLER
## (11030)

FOTI, LAVERY and LANDAU, Js.

"[The Plaintiff]: Yes, I was, Your Honor.
"The Court: You heard my admonition when I made the statement?
"[The Plaintiff]: Yes, Your Honor. I just wasn't able to go; I could not do it.
"The Court: Did any attorney tell you that you had the right to disregard my statements since last Monday?
"[The Plaintiff]: No, Your Honor."

Submitted February 15—decision released June 27, 1995

*Arthur P. Meisler,* for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *Mark Solak,* state's attorney, and *Mark Stabile,* assistant state's attorney, for the appellee (state).

FOTI, J. This matter is before us on remand from our Supreme Court. We previously considered it in *State v. Wohler,* 30 Conn. App. 571, 621 A.2d 751 (1993), rev'd, 231 Conn. 411, 650 A.2d 168 (1994) (remanded for disposition of issues raised by defendant).

The defendant appeals from the judgment of conviction, rendered after a trial to the court, of larceny in the fifth degree by theft of services in violation of Gen-

eral Statutes §§ 53a-125a (a) and 53a-119 (7) (F). The defendant claims that the trial court improperly determined that the evidence was sufficient to prove him guilty beyond a reasonable doubt of the crime charged. We affirm the judgment of the trial court.

The sole issue is whether the evidence was sufficient for the trial court to have concluded that the defendant had not been entitled to the use of the labor and equipment employed to replace the water service at 76/82 South Street or that he had acted with the intent to benefit the homeowner at the address.[1]

The review of a sufficiency of the evidence claim involves a two part analysis. First, we construe the evidence in the light most favorable to sustaining the verdict or upholding the trial court's finding of guilt. Second, we determine whether, from that evidence and all the reasonable inferences that it yields, a trier of fact could reasonably have concluded that the defendant was guilty beyond a reasonable doubt. *State* v. *Wideman*, 36 Conn. App. 190, 202, 650 A.2d 571 (1994), cert. denied, 232 Conn. 903, 653 A.2d 192 (1995). To determine whether there was a basis in the evidence to support the trial court's conclusions, we must review the findings as set forth in the oral decision. If the oral findings are insufficient and no articulation is requested and furnished,[2] we may also examine pertinent portions of the trial transcript.

---

[1] For a recitation of the facts as the court might have reasonably found, refer to *State* v. *Wohler*, supra, 30 Conn. App. 571. The oral arguments were heard on December 14, 1992; on December 28, 1992, the defendant filed a signed transcript of the court's oral ruling in an attempt to comply with Practice Book § 4059.

[2] It is the appellant's responsibility to furnish an adequate appellate record. Practice Book § 4061; *Cottiero* v. *Ifkovic*, 35 Conn. App. 682, 686, 647 A.2d 9, cert. denied, 231 Conn. 938, 651 A.2d 262 (1994). As a general principle of appellate jurisprudence, it is the appellant's duty to provide a record on which reversible error may be predicated. *Curry* v. *Burns*, 225 Conn. 782, 790, 626 A.2d 719 (1993).

In its oral decision, the trial court concluded that the defendant, knowing that he was not entitled to the use of the labor and equipment, and having control over such, used it with the intent to derive a substantial benefit to a third person, thereby giving the homeowner a financial benefit. The trial court reviewed the testimony of two witnesses, commented on their credibility and on the evidence presented. The court found "that the problem that was engendered by trying to serve two masters here ended up in the temptation of pushing the limits hedging on what the rules did allow and extending this way beyond what any other contractor would have been allowed to do."[3]

Our standard in reviewing the conclusions of the trier of fact, whether it be a judge or a jury, is limited. *State v. Evans*, 203 Conn. 212, 238, 523 A.2d 1306 (1987). It is the province of the court, as trier of fact, to draw all reasonable and logical inferences from the facts as it finds them to exist. *State v. Gray*, 221 Conn. 713, 721, 607 A.2d 391, cert. denied, 506 U.S. 872, 113 S. Ct. 207, 121 L. Ed. 2d 148 (1992). The trial court also has the sole and absolute responsibility to weigh conflicting evidence and to determine the credibility of the witnesses; *State v. Pinnock*, 220 Conn. 765, 778–79, 601 A.2d 521 (1992); it can accept some, none or all of the evidence presented. *State v. Raguseo*, 225 Conn. 114, 124, 622 A.2d 519 (1993).

In reviewing a sufficiency of the evidence claim in a court trial, a reviewing court must determine whether

---

[3] During the sentencing phase, the trial court commented, "I don't think when . . . he . . . started out on this enterprise . . . that [he was] going to use this as a means to embezzle money or goods or services or anything from the town. I don't think that was [his] intent; they were going to make some money on the side. But, I have to say that I think there was a lot of impropriety that may not be illegal, but it did take place here. . . . Again, I think there was no malicious intent to start out, you didn't have anything against the town; you weren't trying to make an illegal buck, but I think it worked out that way in the end."

the trial court's findings of fact could reasonably have been drawn from the evidence presented, and whether, based on those facts as reasonably found, the cumulative effect of the evidence established guilt beyond a reasonable doubt. We will construe the evidence in the light most favorable to sustaining the trial court's judgment and will affirm the court's conclusion if reasonably supported by the evidence and logical inferences drawn therefrom. *State* v. *Evans*, supra, 203 Conn. 238. After applying these principles to our review of the record, we conclude that the evidence presented, together with reasonable inferences drawn from it, was sufficient for the trial court to have reasonably found proved beyond a reasonable doubt that the defendant was guilty.

The judgment is affirmed.

In this opinion LAVERY, J., concurred.

LANDAU, J., concurring. Although I concur in the result, I write separately because I disagree with the majority's granting of review of this issue. The majority concludes that, in reviewing a sufficiency of the evidence claim, "[i]f the oral findings are insufficient and no articulation is requested and furnished, we may also examine pertinent portions of the trial transcript." Regardless, as I stated in my previous dissent, "[b]ecause of the conflicting findings made by the [trial] court regarding the intent of the defendant, I believe that review is effectively impossible. . . . I maintain that the majority cannot review the merits of this appeal based on a sufficiency analysis.[1] 'Either we adhere to

---

[1] This case differs from *State* v. *Roy*, 233 Conn. 211, 658 A.2d 566 (1995). In *Roy*, our Supreme Court held that an unpreserved sufficiency of the evidence claim was nonetheless reviewable in light of the due process guaranteed by the United States constitution. The problem with the defendant's claim in this case is not that it is unpreserved, but that the record is inadequate for us to consider it properly.

the rules or we do not adhere to them.' *Osborne* v. *Osborne*, 2 Conn. App. 635, 639, 482 A.2d 77 (1984). By positing this, I do not seek to place form over substance. This being a sufficiency claim, however, the very essence of the question is framed by parameters set in the trial court's findings. For us to require any less diminishes the effectiveness of judicial review." *State* v. *Wohler*, 30 Conn. App. 571, 579–80, 621 A.2d 751 (1993) (*Landau, J.*, dissenting).

Absent compliance by the trial court with Practice Book § 4059 and by the appellant with Practice Book § 4061, the appellate tribunal cannot ascertain the reasoning and findings on which the decision is based. See footnote 2 of the majority opinion.