STATE OF CONNECTICUT *v.* ROBERT CLAY
(AC 16279)

Spear, Sullivan and Spallone, Js.

Argued December 14, 1998—officially released February 9, 1999

*Lisa Steele*, special public defender, for the appellant (defendant).

*Nancy L. Chupak*, deputy assistant state's attorney, with whom, on the brief, were *James Thomas*, state's attorney, and *Scott Murphy*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. The defendant, Robert Clay, appeals from the judgment of conviction of tampering with physical evidence in violation of General Statutes § 53a-155 (a) (1).[1]

---

[1] General Statutes § 53a-155 provides in relevant part: "(a) A person is guilty of tampering with or fabricating physical evidence if, believing that an official proceeding is pending, or about to be instituted, he: (1) Alters, destroys, conceals or removes any record, document or thing with purpose to impair its verity or availability in such proceeding . . . ."

The defendant was also found guilty of possession of narcotics in violation of General Statutes § 21a-279 (a), possession of narcotics with intent to sell

The defendant claims that the evidence produced at trial was insufficient to convict him of tampering with physical evidence. Specifically, the defendant claims that the evidence was insufficient to prove that he concealed or destroyed the plastic bag and an amount of cocaine. We affirm the judgment of the trial court.

At trial, Officer James Krolikowski of the New Britain police department testified that while patting down the defendant's clothing to check for weapons, he felt a lumpy object in the rear of the defendant's pants, which he believed to be narcotics. When he turned away from the defendant to inform the other officers, the defendant moved. When Krolikowski tried to restrain the defendant, both fell to the ground. The defendant then reached into the back of his trousers, took out a plastic bag and placed the bag with its contents into his mouth. Krolikowski informed the other officers that the defendant was trying to swallow the drugs. Officer William Steck then sprayed the defendant with pepper spray, and the defendant spit out a total of twenty-three pieces of a white substance. After a field test indicated that the substance was cocaine, the defendant was arrested. During a search of the defendant, neither the plastic bag nor any other drug paraphernalia was found.

After being arrested, the defendant told the police officers that they had not recovered all of the drugs and that he had in fact swallowed some of the cocaine. Thereupon, the defendant was taken to New Britain General Hospital. He was accompanied by Officer

by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and possession of narcotics with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b). The defendant was found not guilty of interfering with a peace officer in violation of General Statutes § 53a-167a (a), and the trial court imposed no sentence for possession of narcotics. This appeal is limited to the defendant's conviction of tampering with physical evidence.

Michael Hunt of the New Britain police department. Hunt observed the defendant vomit after the defendant was given a substance to induce vomiting. While Hunt did not see the plastic bag or any pieces of cocaine, he could not say whether the defendant had regurgitated the entire contents of his stomach.

The defendant testified that after he was sprayed with pepper spray, the officers threw him to the ground on his stomach and he kicked and thrashed about because his eyes and nose were stinging. The defendant stated that because the police would not take him to a hospital to treat him for the spray, he told them that he had swallowed some drugs. Furthermore, the defendant stated that after he told the officers that he had swallowed some drugs, they took him to the hospital where he was given a substance to induce vomiting, even though he told the hospital authorities that he had not swallowed any drugs.

The defendant argues that there was insufficient evidence produced at the trial to convict him of tampering with physical evidence. The state contends that it not only put forward evidence that the defendant concealed the plastic bag of cocaine in his mouth, but that he swallowed the plastic bag and some of the rock cocaine that it contained. The state also argues that swallowing contraband amounts to concealing it, and, if the contraband is not recovered, swallowing amounts to destroying it.

"When reviewing a sufficiency of the evidence claim, we first examine the evidence in the light most favorable to upholding the jury's verdict. . . . We then determine on the basis of the facts established and the inferences that reasonably could be drawn from those facts whether the jury reasonably could have concluded that the cumulative effect of the evidence established the

defendant's guilt beyond a reasonable doubt." (Citations omitted; internal quotation marks omitted.) *State* v. *Harris*, 49 Conn. App. 121, 131, 714 A.2d 12 (1998). The question on appeal is not whether the reviewing court believes that the evidence established guilt beyond a reasonable doubt, but whether, after reviewing the evidence in the light most favorable to sustaining the judgment, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State* v. *Coleman*, 42 Conn. App. 78, 82, 679 A.2d 950 (1996), rev'd on other grounds, 241 Conn. 784, 699 A.2d 91 (1997). While jurors may not speculate to reach a verdict, "they may draw reasonable, logical inferences from the facts proven to reach a verdict." *State* v. *Williams*, 16 Conn. App. 75, 79, 546 A.2d 943 (1988). Deference is given to the trier of fact who had the opportunity to observe the conduct, demeanor, attitude of the trial witnesses and to assess their credibility. *State* v. *Miranda*, 41 Conn. App. 333, 338, 675 A.2d 925 (1996), rev'd on other grounds, 245 Conn. 209, 715 A.2d 680 (1998). "Where there is sufficient evidence to support a reasonable inference that the defendant intended to commit the crime charged, whether such an inference should be drawn is properly a question for the jury to decide." *State* v. *Morrill*, 193 Conn. 602, 609, 478 A.2d 994 (1984).

We conclude that sufficient evidence existed for the jury reasonably to have found that the defendant tampered with the evidence in violation of General Statutes § 53a-155 (a) (1). The trial court, in denying the defendant's motion to acquit, acted properly, reasonably, within its discretion and in accordance with applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.